```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

SOCIETY OF LLOYDS,

                Plaintiff,

vs.                            Case No. 2:06-cv-329-FtM-29DNF

ROBERT B. SUMEREL,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Judgment on the Pleadings (Doc. #39), filed on October 2, 2006. Plaintiff filed a Memorandum of Law in Opposition (Doc. #41) on October 18, 2006. Defendant filed a Reply (Doc. #45) and plaintiff filed a Sur-Reply (Doc. #48).

**I.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1291 (11th Cir. 2002)(quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party.

Cannon, 250 F.3d at 1301; Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)(citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)).

**II.**

The original Complaint for Enforcement of Foreign Judgments (Doc. #2) was filed on March 8, 2004, in the Southern District of Ohio, Western Division, against defendant Robert B. Sumerel (Sumerel) and three other individual defendants pursuant to the Uniform Foreign Money-Judgments Recognition Act, Ohio Rev. Code Ann. §§ 2329.90-2329.94, to recognize Judgments entered in England. On February 28, 2006, the Ohio District Court entered an Opinion and Order (Doc. #1-25) finding that venue under 28 U.S.C. §1391 was not proper in Ohio and dismissing the case under 28 U.S.C. § 1406(a). On May 12, 2006, the Ohio District Court reconsidered the dismissal, and in the interest of justice transferred the case to the Middle District of Florida due to concerns about an English six year statute of limitations.

On September 19, 2006, plaintiff filed an Amended Complaint for Recognition of Foreign Country Judgment (Doc. #34) alleging that an action had been commenced in England for breach of a contract for reinsurance; that defendant Sumerel appeared with

counsel in England voluntarily; that on March 11, 1998, Judgment was entered against Sumerel in the amount of £250,069.73 (with post-judgment interest accruing at a rate of 8%); that the Judgment is final, conclusive and enforceable in England, and has not been satisfied; and that all conditions precedent have bee performed, waived or excused.  In Count I plaintiff seeks recognition and enforcement of the foreign judgment under Florida statutes, and in Count II plaintiff seeks recognition and enforcement of the foreign judgment under Ohio statutes.  Federal jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00.

### III.

Defendant moves to dismiss the case as barred by the statute of limitations under Fla. Stat. § 95.11(a)(2),[1] asserting that the Amended Complaint is a common law civil action, not a statutory cause of action, because plaintiff failed to comply with the procedures in Fla. Stat. § 55.604 for the recognition and enforcement of an out-of-country foreign judgment.  Given the judgment on the pleadings standard summarized above, this argument is rejected.  Count I of the Amended Complaint is clearly brought as a Florida statutory cause of action, while Count II is brought as an Ohio statutory cause of action.  The Amended Complaint

---

[1] The limitations statute applies to actions other than for the recovery of real property, and establishes that an action be commenced within five years of the judgment of a foreign country.

specifically alleges that "[a]ll conditions precedent have been performed, waived or excused." (Doc. #34, ¶ 12.) This is sufficient under Fed. R. Civ. P. 9(c). While the allegation may prove incorrect, a judgment on the pleadings is not warranted. Since plaintiff has pled a statutory cause of action, there is no statute of limitation which bars the claim. Nadd v. Le Credit Lyonnais, S.A., 804 So. 2d 1226 (Fla. 2001).[2]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion for Judgment on the Pleadings (Doc. #39) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[2] The Court agrees with defendant (Doc. #39, pp. 3-4) that Florida law applies.