UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOCIETY OF LLOYD'S,

                Plaintiff,

vs.                                Case No.  2:06-cv-329-FtM-29DNF

ROBERT B. SUMEREL,

                Defendant.

_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment on Count I (Doc. #55) and defendant's Motion for Summary Judgment (Doc. #56) on both counts.  Both parties filed Responses (Docs. #65, 66) and Reply Memoranda (Docs. #70, #71).

**I.**

     Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or

affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

The relevant facts are not dispute.  On or about March 16, 1998, the Commercial Court of the Queen's Bench Division of the High Court of Justice in London, entered its judgment (Judgment), bearing the date March 11, 1998, against Robert B. Sumerel (defendant or Sumerel) in the sum of £250,069.73.  A true and correct copy is attached to the Amended Complaint.  The Judgment was a final judgment which was conclusive between the parties under English law; it has not been modified or amended, and remains

largely unsatisfied and unpaid.  Plaintiff Society of Lloyd's (plaintiff or Lloyd's) did not seek to enforce the Judgment in England.

On January 16, 2004, Lloyd's filed a Notice of Filing Foreign Judgment and Affidavit in the United States District Court for the Southern District of Ohio.  The Southern District of Ohio opened a miscellaneous case file, which was subsequently dismissed.  On March 8, 2004, based on the belief that Sumerel was a resident of Ohio, Lloyd's filed a Complaint in the United States District Court for the Southern District of Ohio seeking recognition of the Judgment pursuant to Ohio's Uniform Foreign Money-Judgments Recognition Act, OHIO REV. CODE ANN. §§ 2329.90-2329.94.  Defendant Sumerel filed a motion and Declaration stating that he had relocated to Florida sometime in 2000.  The  district court in the Southern District of Ohio entered an Opinion and Order dismissing the case for improper venue under 28 U.S.C. §1391.  On June 30, 2006, upon reconsideration, the Ohio district court transferred the case to the Fort Myers Division of the Middle District of Florida pursuant to 28 U.S.C. § 1406(a) because of concerns about an English six year statute of limitations.

On September 19, 2006, Lloyd's filed an Amended Complaint for Recognition of Foreign Country Judgment (Doc. #34).  Count I relied upon the Florida statutes, while Count II relied upon the Ohio statutes.  On September 28, 2006, plaintiff filed a Notice of Filing Affidavit of Indebtedness (Doc. #37).  On October 4, 2006,

plaintiff filed a copy of the Judgment with the Collier County Clerk of Florida for recording in the Official Records.   (Docs. #55, pp. 1-2; #56, pp. 5-7; #57; #66, pp. 2-3.)

On April 10, 2007, the Court issued an Opinion and Order (Doc. #54) denying Sumerel's Motion for Judgment on the Pleadings, finding that the Amended Complaint was adequately pled, that a statutory cause of action was pled and was not barred by FLA. STAT. § 95.11, and that Florida law applies to this action.[1]

## III.

The parties have filed cross motions for summary judgment as to Count I, in which Lloyd's seeks recognition of the Judgment pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act ("the Recognition Act"), FLA. STAT. § 55.601, *et seq.* The Recognition Act "was enacted not so much for the purpose of establishing a procedure for enforcement of a foreign country's judgment in a Florida court, but rather to ensure that a Florida court's judgment will be enforced abroad." Frymer v. Brettschneider, 696 So. 2d 1266, 1267 (Fla. 4th DCA 1997).  See also  Nadd v. Le Credit Lyonnais, S.A., 804 So. 2d 1226, 1228 (Fla. 2001).  The Recognition Act sets forth certain procedures to obtain

---

[1]Thus, the Court agrees with defendant's "First Defense" (Doc. #38, ¶9) and "Second Defense" (Doc. #38, ¶10) that the law of Florida applies.  However, these are not affirmative defenses as to Count I because even though true they do not defeat or avoid plaintiff's cause of action.  Martin County v. Edenfield, 609 So. 2d 27, 29 (Fla. 1992).  As discussed later, judgment will be entered in defendant's favor as to Count II.

recognition, and applies to any out-of-country foreign money judgment "that is final and conclusive and enforceable where rendered, . . ." FLA. STAT. § 55.603.  Thus, the Court determines whether the foreign judgment is final and conclusive and enforceable in the country where the judgment was rendered.  Nadd, 804 So. 2d at 1231-32.  There is no Florida statute of limitations period applicable to the Recognition Act; the only limitation is that the judgment be enforceable where rendered.  Nadd, 804 So. 2d at 1233.[2]  If a foreign money judgment is recognized, it is immediately enforceable in Florida as though it were a final judgment of a Florida court.  Nadd, 804 So. 2d at 1233.  The creditor has twenty years to enforce the judgment.  Nadd, 804 So. 2d at 1233.

**A.**

Defendant asserts that Count I is not really a statutory cause of action, but is actually one brought under Florida common law (and is thus barred by the applicable state statute of limitations) (Doc. #56, p. 4).  Assuming a common law cause of action remains viable in Florida, Nadd, 804 So. 2d at 1228 ("The Act replaced common law principles of comity relating to the recognition of foreign judgments."), such a cause of action was not pled in this case.  The Court has already found Count I to be a statutory cause

---

[2]Thus, defendant's "Second Defense" (Doc. #38, ¶ 13) and his "Fourth Defense" (Doc. #38, ¶ 15) are without legal merit to the extent they are intended to apply to a statutory cause of action.

of action, (Doc. #54), and continues to be of that view.  Plaintiff
is the master of its complaint in deciding what causes of actions
it wishes to plead, e.g., Hill v. BellSouth Telcomms., Inc., 364
F.3d 1308, 1314 (11th Cir. 2004), and Count I clearly states that
it is brought under the Florida Recognition Act.  (Doc. #34, p. 2.)
While plaintiff may or may not be able to prevail on this claim, it
has committed itself to the statutory cause of action, not a common
law cause of action.  Thus, the Court rejects defendant's argument
and that portion of the "Second Defense" (Doc. #38, ¶¶ 10-13)
making the same assertions.

**B.**

Defendant argues that if Count I is a statutory cause of
action, it may not be brought in federal court.  Defendant argues
that neither the Florida Recognition Act, the Ohio Recognition Act,
nor any state's Uniform Recognition Act may be filed in a federal
court.  Defendant asserts that the statutory procedures are so
uniquely state court matters that a federal court may not hear such
a case, and that prior to transfer the Ohio district court treated
the matter as a plenary civil action and not a summary proceeding
under the Ohio Recognition Act.   (Doc. #56, pp. 10-13.)
Inconsistently, defendant also states that he "is not arguing that
form should be put ahead of substance but merely that a proceeding
for enforcement and recognition of a foreign country's judgment
should proceed in a federal court in the same manner as it would in
any other civil action."  (Doc. #56, p. 12.)

Not surprisingly, defendant cites no authority for the proposition that a federal district court lacks jurisdiction to entertain a Uniform Recognition Act case where, as here, there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  A number of federal appellate cases have reviewed such proceedings with little or no discussion, as would be their duty[3], of any lack of federal jurisdiction.  E.g., Society of Lloyd's v. Mullin, 96 Fed. Appx. 100 (3d Cir. 2004); Society of Lloyd's v. Turner, 303 F.3d 325 (5th Cir. 2002); Society of Lloyd's v. Ashenden, 233 F.3d 473 (7th Cir. 2000); Society of Lloyd's v. Fuerst, 138 Fed. Appx. 873 (8th Cir. 2005); Society of Lloyd's v. Blackwell, 127 Fed. Appx. 961 (9th Cir. 2005); Society of Lloyd's v. Reinhart, 402 F.3d 982 (10th Cir. 2005); Society of Lloyd's v. Siemon-Netto, 457 F.3d 94 (D.C. Cir. 2006).  One case involving Lloyd's explicitly found that "there is no question that diversity jurisdiction exists."  Society of Lloyd's v. Estate of McMurray, 274 F.3d 1133, 1134 n.1 (7th Cir. 2001).  Additionally, there is nothing about a claim brought under the Florida Recognition Act which takes it outside the definition of "civil action" within the meaning of FED. R. CIV. P. 2.  E.g., Weems v. McCloud, 619 F.2d 1081

---

[3]Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004)("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."(citation and internal quotation omitted)).

(5th Cir. 1980)[4].  The Court finds that Count I is a civil action which can be, and in this case is, subject to a federal court's diversity jurisdiction.  The Court rejects as a matter of law those portions of defendant's "Second Defense" asserting the contrary (Doc. #38, ¶ 11) and the "Tenth Defense" (Doc. #38, ¶ 27).

## C.

Defendant further argues that if Count I is a statutory cause of action, and if Lloyd's can bring it in federal court, he is still entitled to summary judgment.  Defendant argues that (1) Count I is barred by the six year English statute of limitation because commencement of a proceeding under the Ohio Recognition Act on March 8, 2004, cannot be deemed to have commenced a proceeding under the Florida Recognition Act, and therefore the Florida proceeding does not relate back to the Ohio proceeding under FED. R. CIV. P. 15(c); (2) the Judgment is not <u>now</u> "enforceable where rendered," as required by the Florida Recognition Act, even if this proceeding was commenced in a timely fashion; and (3) Lloyd's has not complied with the "specific mandates and procedures" of the Florida Recognition Act. (Doc. #56, pp. 13-17.)

**(1) English Statute of Limitations:**

As the parties agree, the "civil action" in this matter was commenced at least by the filing of the Complaint in the United

---

[4]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

States District Court for the Southern District of Ohio on March 8, 2004.  See FED. R. CIV. P. 3.[5]  This Complaint, which relied only upon the Ohio Recognition Act, was transferred to the Middle District of Florida on July 3, 2006 (Doc. #1).  An Amended Complaint was filed on September 19, 2006, adding a count under the Florida Recognition Act to the preexisting count under the Ohio Recognition Act.  Both parties agree that the March 8, 2004, Complaint was filed within the six year English statute of limitations.  The issue is whether the Amended Complaint, which for the first time contained the Florida claim, "relates back" to the original Complaint.  If not, the Florida claim is barred by the six year English statute of limitations.

"If the new claims relate back to the original claims, we must consider the new claims as having been filed at the time of the original claims."  Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000).  "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,. . . ."  FED. R. CIV. P. 15(c)(2).  Thus, "[a]mendments made after the statute of limitations has run relate back to the date of the original

_____

[5]Service of process is not required to commence an action. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1315-16 (11th Cir. 1990); Caldwell v. Martin Marietta Corp., 632 F.2d 1184, 1188 (5th Cir. 1980)(Unit B).

pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" Mayle v. Felix, 545 U.S. 644, 655 (2005)(citing FED. R. CIV. 15(c)(2)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659 (citations omitted). The Supreme Court has "held that the amendment related back, and therefore avoided a statute of limitations bar, even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted." Mayle, 545 U.S. at 659 (citing Tiller v. Atlantic C.L.R. Co., 323 U.S. 574 (1945)).

The "conduct, transaction, or occurrence" in this case was the Judgment which was sought to be recognized. It is clear that the Amended Complaint "arose out of" the core of operative facts seeking recognition of the Judgment. While the Complaint was filed in the wrong court, and therefore cited the wrong Uniform Recognition Act, this is not fatal. Mayle, 545 U.S. at 659. "When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). This is true even when the case is transferred pursuant to 28 U.S.C. § 1406(a), no matter how "wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Id. at 466.

Thus, the Court concludes that Count I of the Amended Complaint relates back to the Complaint, and is deemed filed at least as of March 8, 2004. As such, it was not barred by the six year English statute of limitations, and was "enforceable where rendered" within the meaning of the Florida Recognition Act.

**(2) Now Enforceable Where Rendered**:

Defendant argues that even if the action was timely commenced the Judgment is not <u>now</u> "enforceable where rendered," as required by FLA. STAT. § 55.603, and therefore the Judgment cannot now be recognized under the Florida statute. The Court is required to make a threshold determination of whether the judgment is "enforceable where rendered". <u>Lauke v. Lauke</u>, 765 So. 2d 810 (Fla. 2d DCA 2000).

The Court finds that the Judgment is now "enforceable where rendered" within the meaning of Florida law. In Florida, enforceable means "capable of being enforced." <u>Ayer v. Bush</u>, 775 So. 2d 368, 371 (Fla. 4th DCA 2000). Both parties agree that plaintiff can even now seek permission from the court in England to enforce the Judgment, and the court in England has the discretionary authority to grant such permission.[6] While the parties disagree on the likelihood of receiving such permission, they do not dispute the legal ability of plaintiff to enforce the

---

[6]Order 46 rule 2(1) of the Rules of the Supreme Court (Eng.); <u>Society of Lloyd's v. Longtin</u>, (2005) 2 C.L.C. 774 (Q.B.D.)(Comm. Ct.); <u>Patel v. Singh</u>, (2003) C.P.L.R. 149 (A.P.)(Eng.); <u>Lowsley v. Forbes</u>, (1998) 3 W.L.R. 501 (H.L.)(Eng.).

Judgment with the court's permission.  The English statute of limitation does not create a situation where the judgment becomes dormant and incapable of being revived.  E.g., <u>Muka v. Horizon Fin. Corp.</u>, 766 So. 2d 239 (4th DCA 2000); <u>Oakes v. Horizon Fin. Corp.</u>, 212 F.3d 594 (5th Cir. 2000).  Additionally, nothing in the phrase "enforceable where rendered" implies that it must be enforceable without court intervention.  The Court finds that the Judgment is "capable of being enforced" and therefore is "enforceable where rendered."  Accordingly, the Court also rejects as a matter of law defendant's "Third Defense" (Doc. #38, ¶ 14) and his "Fourth Defense" (Doc. #38, ¶ 15).

**(3) Statutory Procedures:**

Defendant argues that this action fails because Lloyd's has failed to comply with the Recognition Act's specific "mandates and procedures."  (Doc. #56, p. 14.)  Florida courts, however, have recognized that only substantial compliance with the statutory procedures is required.  <u>Frymer</u>, 696 So. 2d at 1267-68.  Florida has recognized actions under the Recognition Act which have been commenced by complaint, <u>Nadd</u>, 804 So. 2d at 1227, and by a counterclaim filed in ongoing litigation, <u>Frymer</u>, 696 So. 2d at 1267-68, rather than by following the literal procedures of the statute.  The Court concludes that Lloyd's has substantially complied with the Florida Recognition Act.

In sum, the Court finds that Count I is a statutory cause of action under the Florida Recognition Act; that such a cause of

action may be filed in federal court; that Count I relates back to the original Complaint in Ohio and was not barred by the six year English statute of limitations; that the Judgment is now "enforceable where rendered;" and that Lloyds has substantially complied with the requirements of the Florida Recognition Act. Thus, unless the matter is precluded by one or more of the affirmative defenses not yet discussed, Lloyd's is entitled to summary judgment on Count I.

### D.

**(1) Public Policy Defense, Securities Laws:**

Defendant's "Fifth Defense" argues that he was solicited for investments by agents of plaintiff in Ohio in violation of the securities laws of Ohio and the United States, and that recognition of the Judgment would therefore violate the public policy of Ohio, Florida, and the United States.  (Doc. #38, ¶ 16.)

The Florida Recognition Act provides in part that the Judgment "need not be recognized if: . . .  (c) The cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state."  FLA. STAT. § 55.605(2)(c).  Since the plain language of the statute only allows non-recognition for violation of the public policy of Florida, the Fifth Defense is legally insufficient to the extent it relates to the public policy of Ohio or the United States.  In any event, the Eleventh Circuit has held that enforcing Lloyd's choice of laws and forum selection

provisions does not violate United States public policy, <u>Lipcon v. Underwriters at Lloyd's</u>, 148 F.3d 1285, 1297-99 (11th Cir. 1998), and the Sixth Circuit has held that enforcing the provisions does not violate Ohio public policy.   <u>Shell v. R.W. Sturge, Ltd.</u>, 55 F.3d 1227, 1231-32 (6th Cir. 1995).

As to Florida public policy, the Court must first determine the "cause of action or claim for relief on which the judgment is based."   FLA. STAT. § 55.605(2)(c).   The parties agree that the judgment against defendant in England was for breach of a contract to pay a reinsurance premium.   (Amended Complaint, Doc. #34, ¶ 7; Answer, Doc. #38, ¶1.)   There is nothing about a cause of action or claim for breach of a contract for failure to pay a reinsurance premium which is repugnant to Florida's public policy. Additionally, for the reasons stated in <u>Lipcon</u>, 148 F.3d at 1297-99, and other appellate decisions cited therein, the Court finds that Florida public policy is not offended by recognition of the Judgment even though the alleged Ohio securities violations were not subject to consideration in England.   Accordingly, the Court finds that the Fifth Defense is legally insufficient.

**(2) Public Policy Defense, Fraud on Ohio Courts:**

The Sixth Defense (Doc. #38, ¶¶ 17-23) asserts that recognition of the Judgment would violate the public policy of Ohio, Florida, and the United States because of fraud on the Ohio federal courts.   Defendant asserts that the General Undertaking contained a forum selection clause providing that all disputes be

resolved in the courts of England; that in a class action pending in Ohio the putative class, which included defendant Sumerel, asserted that Lloyd's had procured the investment in violation of the Ohio Securities Act; that the federal district court in Ohio dismissed the case based on the forum selection clause; that the Sixth Circuit Court of Appeals upheld this dismissal; and that "on information and belief" Lloyds misrepresented to the Ohio court that class members would be granted a full and fair opportunity to obtain relief similar to that sought in the Ohio proceedings in the courts of England, but were in fact planning and implementing a strategy to prevent the opportunity to present a fraud defense to the English court; and that the English courts have uniformly refused to entertain and consider the merits of any fraud defenses asserted by American members of Lloyd's.  Defendant asserts that it violates the public policy of Ohio, Florida, and the United States to have foreclosed the illegality under Ohio and federal law as a defense to the claim in England.  (Doc. #38, ¶¶17-23.)

The Florida Recognition Act provides that "An out-of-country judgment need not be recognized if: . . . (b) The judgment was obtained by fraud."  Fla. Stat. § 55.605(2)(b).  This statute does not apply because there is no claim that the fraud was committed on the court issuing the judgment, and therefore the judgment could not have been obtained by fraud.

As discussed above, the plain language of the statute only allows non-recognition for violation of the public policy of

Florida.   Therefore, the Sixth Defense is legally insufficient to the extent it relates to the public policy of Ohio or the United States.

Florida public policy is not offended because defendant's fraud on the court argument must be addressed to the courts who suffered the alleged fraud – in this case the federal courts in Ohio which culminated in <u>Shell v. R. W. Sturge, Ltd.</u>, 55 F.3d 1227, 1228 (6th Cir. 1995).   Defendant will not be allowed to collaterally attack the Judgment by collaterally attacking the Ohio decisions in Florida.   Therefore, the Sixth Defense fails as a matter of law.

**(3) Estoppel**:

For his "Seventh Defense," defendants asserts that the facts asserted in the Sixth Defense judicially estops Lloyd's from seeking to enforce the Judgment.   (Doc. #38, ¶ 24.)   Since the Sixth Defense fails as a matter of law, it cannot serve to estop recognition of the Judgment.   The Court concludes that the Seventh Defense fails as a matter of law.

**(4) Estoppel, Waiver, Laches**:

For his "Eighth Defense," defendant asserts that the delay in bringing the action to recognize and enforce the Judgment bars the action under doctrines of estoppel, waiver, and laches.   (Doc. #38, ¶ 25.)   The Florida Supreme Court has held that there is no Florida statute of limitations period applicable to the Recognition Act,

and that the only limitation is that the judgment be enforceable where rendered. <u>Nadd</u>, 804 So. 2d at 1233. Accordingly, the Eighth Defense is legally insufficient.

**(5) Amount of Judgment:**

For his "Ninth Defense," defendant asserts, based on "information and belief," that the amount of the Judgment is incorrect because Lloyd's failed to provide accurate information to the English court regarding the amount due in its application for default judgment. For this reason, defendant asserts Lloyd's may not seek to enforce the Judgment. (Doc. #38, ¶ 26.)

Defendant admits that he voluntarily appeared in the English action through counsel. (Answer, Doc. #38, ¶ 1.) The place to contest the amount owed was in the English proceedings. The amount of the judgment cannot be collaterally attacked in a recognition action by a party who has failed to do so, or did so unsuccessfully, in the original action. Paraphrasing another court, this defense does not fit within any of the specific exceptions in the Florida Recognition Act, but rather is an improper attempt to relitigate the merits of the underlying claims. <u>Siemon-Netto</u>, 457 F.3d at 103-04.

**(6) Set-Off:**

For his "Eleventh Defense," defendant asserts that as an investor in Lloyd's he has in the aggregate lost and paid amounts that exceed the Judgment, and he is entitled to set-off the amount

of his losses against the amount in the Judgment.  (Doc. #38, ¶ 28.)  The Court concludes that this is not an affirmative defense in a recognition action.  Additionally, defendant has not obtained a judgment for any of the amounts he seeks to set off, and a recognition action cannot be used to litigate such collateral matters which have not been resolved elsewhere.  Further, to the extent this is essentially a counterclaim to Lloyd's action, defendant has signed an agreement containing an enforceable forum selection clause requiring such claims to be brought in England.  Accordingly, the Court concludes that the Eleventh Defense is insufficient as a matter of law.  Siemon-Netto, 457 F.3d at 104-05.

**(7) Unclean Hands:**

For his "Twelfth Defense," defendant asserts that Lloyd's has unclean hands because the Judgment is based on its fraudulent conduct and that of its agents, including misrepresentations of the risks and the attributes of syndicates.  (Doc. #38, ¶ 29.)  This is simply a repetition of the fraud affirmative defenses, and the Court concludes that this fails as well.

**(8) Post-Judgment Interest:**

As its "Thirteenth Defense," defendant asserts that interest on the Judgment ceased to accrue under English law on March 16, 2004, six years after entry of the judgment.  (Doc. #38, ¶ 30.)  Assuming this to be true, this is not an affirmative defense because it does not avoid or defeat the cause of action.  The Court

need not determine the amount of the post-judgment interest in order to recognize the Judgment.

**IV.**

As to Count II, the claim brought under the Ohio Recognition Act, the Court finds that judgment is due to be entered in favor of defendant.  Defendant did not reside in Ohio at the time Lloyd's suit was filed there, and there is no indication defendant was then subject to the laws of Ohio.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiff's Motion for Partial Summary Judgment on Count I (Doc. #55) is **GRANTED** as to Count I.

2.   Defendant's Motion for Summary Judgment (Doc. #56) is **DENIED** as to Count I and **GRANTED** as to Count II.

3.  Recognition of the March 11, 1998 Judgment entered by the High Court of Justice, Queen's Bench Division, Commercial Court (Doc. #59) is authorized and the Clerk shall provide plaintiff a certified copy of this Opinion and Order and the March 11, 1998 Judgment for recording in the public records of the county where enforcement will be sought.  FLA. STAT. § 55.604.

4.   Pursuant to the Uniform Out-of-country Foreign Money-Judgment Recognition Act, FLA. STAT. § 55.604(6), once recorded, the foreign judgment shall be enforceable in the same manner as the judgment of a court of the State of Florida.

5.    The Final Pretrial Conference and trial are cancelled. The Clerk shall terminate all pending deadlines as moot and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of July, 2007.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record